THOMAS A. PIERCE, Appellant, *vs.* PROBATE COURT OF EAST GREENWICH.

Where on an appeal by an administrator from a decree of a probate court disallowing items in his account, a general appearance for the appellees was entered by counsel, and certain creditors of the estate also entered an appearance in opposition to the appellant, a decree allowing the administrator's account as filed by him, entered by consent of the parties in settlement of the controversy, will not be set aside on the petition of another creditor who knew of the pendency of the appeal but had not entered any appearance, where the entry of such decree was not procured by fraud, and appeared to be reasonable and proper in the circumstances.

PROBATE APPEAL.   On a creditor's petition to vacate a decree.

*May* 16, 1896.   STINESS, J.   The Probate Court of East Greenwich having disallowed certain items in the appellant's account as administrator of the insolvent estate of Daniel C. Kenyon he took an appeal, which was duly entered in this court.   Certain creditors of the estate entered an appearance in opposition to the appellant, and subsequently consented to a decree reversing the decree of the Probate Court as to the disallowed items and allowing the account as originally filed, which decree was duly entered.

Charles J. Arms, claiming to be a creditor of the estate, now files a petition to set aside the decree so entered, upon the ground that it was collusively agreed to, and so was entered by the court by mistake, as the result of deception thus

practiced upon the court by the parties thereto, the consideration moving the appellee, who had appeared in opposition to the administrator's claim, being the discontinuance at the same time of a petition for a new trial in an action in which said appellee had recovered a judgment against said estate.

We do not think that the petitioner states a case for setting aside the decree. He knew of the pendency of the proceeding, but he did not enter an appearance or put himself upon the record in any way. He knew that the appeal was liable to be determined in favor of the administrator by reason of the refusal or default of the opposing creditor to further oppose. He had not the right to lie by expecting that another creditor would defend against the appeal for his benefit, and, therefore, if he desired to protect his own rights, he should have taken steps to do so. A general appearance for the appellees was entered by counsel. If the petitioner was a party to the appeal, by reason of being a creditor of the estate, he is estopped from denying the authority of the counsel who, according to the record, appeared for the appellees. If he was not a party, then he has no standing to disturb the action taken by all who were parties to the appeal.

But, aside from these technical considerations, the court will of course set aside any decree which may be procured by fraud. It is proper therefore to say that, upon the testimony offered, we do not find that the course taken was fraudulent. There was evidence that it was reasonable and proper.

As to the petition for a new trial, it appeared that the plaintiff had other claims against the estate than that which was awarded him by the verdict, and that by the change in the law, which now allows a party to testify in a suit against an administrator, the plaintiff would have the benefit of his own testimony as to these claims, which he did not have before ; and so there seemed to be little prospect that anything would be gained if a new trial should be secured.

On the appeal from the reduction of the administrator's charges for services and for counsel fees, there was evidence that the petitioner himself testified in the Court of Probate, as a witness for the administrator, that both charges were

fair and reasonable ; although the petitioner denies that he so testified with regard to the charge for services. It further appeared that if no more should be allowed to the administrator than was allowed in the Court of Probate he would, with what he had actually paid to counsel, not only receive nothing for his services for several years, but would be out of pocket for quite a large amount. The appellees might therefore fairly presume that his allowance would be increased. There had been long and varied litigation over the estate, and the opposing creditor may well have considered, as he says he did, that if he should secure a reduction of the charges it would probably not be large enough to pay for the contest. It was an arrangement to end litigation. Doubtless each party yielded something more than he personally thought the other was entitled to ; but a settlement of cases can hardly be effected otherwise, and, when it is done on reasonable grounds, we do not see how it can be called fraudulent.

The petition is dismissed.

*Charles J. Arms,* petitioner, *pro se ipso.*

*Samuel W. K. Allen & Walter F. Angell,* contra.